IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| Little Sunshine's Enterprises, Inc., | : Case No. _____ |
| Plaintiff, | : |
| vs. | : **COMPLAINT** |
| Paschke Enterprises, LLC., Little Pas-Til's, LLC, Cary A. Paschke, Colleen E. Paschke, James R. Tillman and Jamie Fleetwood, | : |
| Defendants. | : |

Plaintiff Little Sunshine's Enterprises, Inc., as and for its Complaint against Defendants Paschke Enterprises, LLC, Little Pas-Til's, LLC, Cary A. Paschke, Colleen E. Paschke, James R. Tillman and Jamie Fleetwood, states and alleges as follows:

## PARTIES

1. Little Sunshine's Enterprises, Inc. ("Little Sunshine") is a Missouri corporation with its principal place of business at 2937 South Claremont, Springfield, Missouri 65804.

2. Paschke Enterprises, LLC is a Missouri limited liability company with its principal place of business at 201 East Cardinal, Springfield, Missouri 65810.

3. Little Pas-Til's, LLC is a Missouri limited liability company with its principal place of business at 201 East Cardinal, Springfield, Missouri 65810.

4. Cary A. Paschke is a citizen of the State of Missouri with a principal residence at 3850 E. Farm Road, 130, Springfield, Missouri 65802.

5. Colleen E. Paschke is a citizen of the State of Missouri with a principal residence at 3850 E. Farm Road, 130, Springfield, Missouri 65802. Cary and Colleen Paschke are a married couple.

6. James R. Tillman is a citizen of the State of Missouri with a principal residence at 1123 N. New Castle, Springfield, Missouri 65802.

7. Jamie Fleetwood is a citizen with the State of Missouri and believed to reside in Springfield, Missouri. Jamie Fleetwood is James Tillman's daughter.

## JURISDICTION AND VENUE

8. This is an action for trademark infringement, unfair competition, misappropriation of Copyrighted Materials and confidential information and breach of contract arising out of Defendants' actions and conduct as specified herein.

9. This Court has jurisdiction over this case pursuant to the Trademark Act of 1946, as amended (the Lanham Act), 15 U.S.C. § 1051,-1127 and 28 U.S.C. § 1331 and 1338 relating to pendent jurisdiction

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

11. Little Sunshine has developed a unique business system (the "Business System") for the operation of Little Sunshine's establishments (which are referred to as "Schools") providing childcare services and learning programs for toddlers, preschool and school age children using special equipment and processes, standards and specifications, marketing methods

and promotional techniques all associated with the "Little Sunshine's Playhouse & Preschool®" trademark, trade name, logos and design elements (the "Mark").

12. Little Sunshine makes its unique Business System of preschool business available to the public through authorized Little Sunshine franchisees.

13. On or about May 15, 2007, Little Sunshine entered into a Little Sunshine's Franchise Agreement with Cary A. Paschke, James R. Tillman and Jamie Fleetwood for a location in Springfield, Missouri (the "Springfield Franchise Agreement"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit A.

14. In June 2007, the individual Defendants formed Little Pas-Til's, LLC and assigned the Franchise Agreement to that entity. The individual Defendants remained personally obligated under the terms of the Springfield Franchise Agreement.

15. Pursuant to the terms of the Springfield Franchise Agreement, Little Pas-Til's was granted a non-exclusive right and license to operate a Little Sunshine's business using Little Sunshine's registered trademarks and Business System at a specific location at 201 East Cardinal, Springfield, Missouri 65810.

16. In March 2008, Little Sunshine entered into a separate franchise agreement with Paschke Enterprises, LLC for a location to be determined in St. Louis, Missouri (the "St. Louis Franchise Agreement"). Cary A. Paschke also signed this Franchise Agreement in his individual capacity as a personal guarantor. The St. Louis Franchise Agreement is substantially identical to the Springfield Franchise Agreement. Paschke Enterprises, LLC never opened a location under the St. Louis Franchise Agreement.

17. On or about September 1, 2008, James R. Tillman and Jamie Fleetwood withdrew as members of Little Pas-Til's, LLC and transferred all of their ownership interest in the

company to Cary A. Paschke and Colleen E. Paschke. Notwithstanding their transfer of their interest in Little Pas-Til's, LLC, James R. Tillman and Jamie Fleetwood were not released from their obligations under the Springfield Franchise Agreement and remain personally obligated under the terms of the that Agreement.

## THE MARKS

18. Pursuant to the terms of the Franchise Agreements, Defendants were authorized to operate their franchise businesses using the federally registered Mark "Little Sunshine's Playhouse and Preschool®" (Registration No. 78709720) as well as other designs and commercial symbols associated with Little Sunshine.

19. Little Sunshine has marked the goods and services provided under its Mark with appropriate notice indicating that the Mark is registered in the United States Patent and Trademark Office.

20. Little Sunshine granted Defendants the right to use the Mark in connection with the operation of their Little Sunshine franchise business pursuant to the terms of the Franchise Agreements. Defendants were not, however, authorized to use the Little Sunshine Marks on, or in connection with, the sale or promotion of any product or service not specifically authorized by the Franchise Agreements, or after their expiration or termination.

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

21. Pursuant to Section 11 of each franchise agreement, the initial terms of the franchise agreements were for a period of 10 years, subject to earlier termination in accordance with Sections 16 and 17 of each agreement.

22. Pursuant to Section 10(a) of the Franchise Agreements, Defendants agreed to pay Little Sunshine continuing royalty fee equal to 6% of gross revenues and a separate ad fund

royalty at the rate of .25% of gross revenues. Royalty and ad fund contributions were payable by the 10th of each month for the preceding month and by automatic debit of Defendant's bank account.

23. Pursuant to Section 10(d) of the Franchise Agreement, Defendants agreed that they would not be entitled to withhold payment or royalties on account of Little Sunshine's breach or alleged breach of its obligations under the Franchise Agreements, and that Little Sunshine's performance under the Franchise Agreements constituted no part of the consideration for Defendants obligation to pay royalties.

24. Sections 7, 10, 12 and 16 of the Franchise Agreements set forth Defendants obligations with respect to numerous operational and legal requirements that Defendants must comply with during the operation of their Little Sunshine franchise business. In the event that Defendants fail to comply with their obligations set forth in these provisions, the Franchise Agreements are subject to termination pursuant to paragraphs 16 and 17 therein.

25. In a letter dated September 4, 2009, counsel for Defendants wrote to Little Sunshine complaining about certain aspects of the parties' relationship and requesting that the Franchise Agreements be terminated. Counsel for Defendants also confirmed that Defendants were engaging in a royalty strike and were refusing to pay royalties due for August 2009 and would not be paying royalty fees on a going forward basis. A true and correct copy of this correspondence is attached hereto as Exhibit B.

26. In a letter dated October 9, 2009, counsel for Little Sunshine responded to the allegations made in Defendants counsel's letter of September 4, 2009 with specific citation to provisions in the Franchise Agreement refuting each of Defendants allegations. A true and correct copy of this correspondence is attached hereto as Exhibit C.

27. By separate letter dated October 9, 2009, Little Sunshine gave Defendants Notice of Default of both Franchise Agreements for numerous specific defaults set forth therein, including failure to report and pay August and September royalty and ad funds due and owing. Little Sunshine gave the Defendants the opportunity to cure the specified defaults within the time frames set forth in the Franchise Agreements. Little Sunshine also advised Defendants that if they failed to cure the defaults, Little Sunshine would terminate the Franchise Agreements and enforce all post-termination obligations. A true and correct copy of this correspondence is attached hereto as Exhibit D.

28. Defendants did not cure the defaults set forth in the October 9, 2009 Notice of Default and the Franchise Agreements terminated as of November 9, 2009.

29. Despite termination of the Franchise Agreements, Defendants continue to hold themselves out as an authorized Little Sunshine Franchise Business and continue to operate their Little Sunshine business using Little Sunshine's registered trademarks at their Springfield, Missouri location. Attached hereto is Exhibit E are true and correct copies of photographs taken on December 1, 2009 showing Defendants business premises displaying Little Sunshine's registered trademark and operating as a Little Sunshine location.

30. In addition to displaying Little Sunshine's registered trademark at the School location, Defendants have continued to place ads in the November and December issues of the Greater Springfield's "Kids Directory." These ads use Little Sunshine's federally registered trademarks and are intended to give the impression that Defendants' School continues to be affiliated with and approved by Little Sunshine. These advertisements also include Defendants' telephone number 417-882-8777 which is associated with the Little Sunshine trademark and

telephone directory listings and advertisements in the Springfield market. True and correct copies of these advertisements are attached to the Complaint as Exhibit F.

31. Article IX.A. of the Franchise Agreement obligates Defendants, among other things, to do the following upon termination of the Franchise Agreements: (a) cease using or displaying the Little Sunshine name or any of Little Sunshine's trademarks, service marks or commercial symbols; (b) return to Little Sunshine all operating manuals and printed forms and materials bearing the Little Sunshine trademarks, service marks or commercial symbols; (c) remove all Little Sunshine signs from the school building; (d) assign to Little Sunshine all telephone numbers used in directory listings and advertising in which any of Little Sunshine trademarks, service marks or commercial symbols are used; (e) alter the school's interior to remove all trade dress and distinctive features of the Little Sunshine school concept.

32. Despite termination of the Franchise Agreements, Defendants have failed to comply with their post-termination obligations set forth in the Franchise Agreements, including the obligation to refrain from using or displaying Little Sunshine's Marks and from operating in violation of the post-termination non-compete provisions in the Franchise Agreements.

## COUNT I – TRADEMARK INFRINGEMENT

33. Little Sunshine restates and realleges paragraphs 1 through 32 herein.

34. Little Sunshine was granted registration of its trademark by the United States Commissioner of Patents and Trademarks, Certificates of Registration No. 78709720 for ("Little Sunshine's Playhouse & Preschool®").

35. Since registering its trademark, Little Sunshine has extensively advertised its trademark in connection with its unique Business System and various corporate and franchise businesses.

7

36. Following termination of the Franchise Agreements, Defendants have failed to cease using the Little Sunshine® Mark and have continued to display the Mark at their Springfield location, have continued to use the telephone number assigned to and associated with their former Little Sunshine franchise and continue to maintain a directory listing under the Little Sunshine Mark.

37. Defendants' use of the Little Sunshine Mark after termination of the Franchise Agreements was without authority or consent of Little Sunshine.

38. Defendants' unauthorized use and display of Little Sunshine's Mark in connection with their current business operations constitutes willful and intentional infringement of Little Sunshine's Mark and trade name in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

39. As a result of Defendants' infringement, Little Sunshine has been damaged by the deprivation of the benefit and goodwill attached to the Little Sunshine Marks and trade name.

40. As a result of Defendants' infringement, Little Sunshine has been damaged in an amount measured by the revenues realized by Defendants from the sale of services during the period between when their Little Sunshine franchise was terminated and when they discontinued their use of the Little Sunshine Marks and trade name.

41. Pursuant to Sec. 43(a) of the Lanham Act, 15 U.S.C. §1116, 1117(a), Little Sunshine is entitled to damages in the amount of Defendants' revenues, plus Little Sunshine's costs, disbursements and attorneys' fees incurred in this action.

42. Because Defendants' infringement of Little Sunshine's Marks is willful and intentional, Little Sunshine is also entitled to treble damages pursuant to 15 U.S.C. §1116, 1117(b).

43. The revenue realized by Defendants from their infringement of Little Sunshine's Marks is unknown to Little Sunshine. Little Sunshine therefore demands that Defendants provide an accounting of their sales and revenue realized from the sale of services while using Little Sunshine's Marks for the purpose of ascertaining damages.

## COUNT II – UNFAIR COMPETITION

44. Little Sunshine restates and realleges paragraphs 1 through 43 herein.

45. Little Sunshine has acquired and established a reputation, demand and goodwill for its products and services under the name "Little Sunshine," which name has special significance in the eyes of the public and represents the highest standards of quality and service.

46. Defendants have infringed upon the rights of Little Sunshine and Little Sunshine's Marks by continuing to use Little Sunshine's Marks without authority to do so.

47. Due to Defendants' infringement, customers are and were likely to be confused and induced into purchasing preschool services from Defendants in the belief that those services are or were likely to be delivered by an authorized Little Sunshine franchise. Customers are or were likely to be confused as to the source and sponsorship of the services sold by Defendants while they continue to promote their services using Little Sunshine's Marks and trade name.

48. Defendants' actions constitute federal unfair competition in violation of 15 U.S.C. §1125(a).

49. As a direct result of Defendants' actions, as described above, Little Sunshine has been damaged.

50. Little Sunshine is entitled to an accounting of Defendants' earnings and revenues during the time period in which they used Little Sunshine's Marks and trade name without

authorization and is entitled to recover damages equal to three times Defendants' earnings and profits during their infringement of Little Sunshine's Marks and trade name.

### COUNT III – MISAPPROPRIATION OF CONFIDENTIAL INFORMATION

51. Little Sunshine restates and realleges paragraph 1 through 50 herein.

52. Little Sunshine's confidential and proprietary Business System is a method, technique and process that derives independent economic value from not being generally known to or readily ascertainable by the general public.

53. Pursuant to Section 12(b) of the Franchise Agreements, Defendants agreed that they would hold the elements of Little Sunshine's Business System, Copyrighted Materials and trade secrets in strict confidence and would not disclose the contents of these materials to unauthorized person or reproduce the materials or use them after termination.

54. Little Sunshine uses reasonable means to maintain the confidential and proprietary nature of Little Sunshine's Business System, confidential information and Copyrighted Materials.

55. Defendants have misappropriated Little Sunshine's confidential and proprietary information and Copyrighted Materials and are using that information to operate a directly-competitive business for their own profit and benefit.

56. Defendants are using Little Sunshine's confidential and proprietary information, Copyrighted Materials and Business System in order to operate a directly-competitive business at the same location formerly licensed to Defendants.

57. Defendants' actions in misappropriating Little Sunshine's confidential, proprietary Business System and Copyrighted Materials are causing damage to Little Sunshine and its authorized locations who are competing directly against Defendants in the market place.

58. Little Sunshine is entitled to damages for the value of the confidential and proprietary information and Copyrighted Materials misappropriated by Defendants and an injunction preventing Defendants from keeping or using any confidential information or Copyrighted Materials.

59. Defendants' misappropriation of Little Sunshine's confidential and proprietary information, Copyrighted Materials and Business System is willful and malicious, thereby entitling Little Sunshine to an award of its attorneys' fees and exemplary damages in an amount that the Court must determine at the time of trial.

## COUNT IV – BREACH OF CONTRACT - NONCOMPETE PROVISIONS

60. Little Sunshine restates and realleges paragraphs 1 through 59 herein.

61. Section 19(a) of the Franchise Agreements state in relevant part:

> **(a) Covenant Against Competition.** In consideration of Company's providing operations and management training to Franchisee and disclosing to Franchisee the System and other Trade Secrets, Franchisee covenants and agrees that, during the term of the franchise and for two years after its expiration or termination, Franchisee will not own or operate, directly or indirectly, or hold an ownership interest in any business that offers learning programs for preschool children and/or child-care services, except as a franchisee of Company. During the term of the franchise, Franchisee's covenant not to compete will apply universally; for the two-year period after the franchise expires or is terminated, Franchisee's covenant will apply in the DMA in which the School is located and in each other DMA in which a Company-owned or franchised School is then operating or under development. For purposes of calculating the duration of the two-year period, any time during which Franchisee is in violation or breach of the covenant shall be excluded. Franchisee acknowledges that Franchisee's covenant not to compete is reasonable and necessary to protect the business and goodwill of the Little Sunshine's Playhouse franchise system and to avoid misappropriation or other unauthorized use of the System and company's other Trade Secrets. Franchisee acknowledges and confirms that Franchisee possesses the education, training and experience necessary to earn a reasonable livelihood apart from operating a business that offers child-care services.

62. Defendants have breached the non-compete provisions of the Franchise Agreements by continuing to own and operate a preschool business at the same location in the same DMA after termination of the Franchise Agreements.

63. Defendants are operating a directly-competitive business that provides the exact same learning programs for preschool and school aged children as a Little Sunshine franchisee at the same location in the same territory formerly licensed to Defendants by Little Sunshine.

64. As a result of Defendants' operation of a directly-competitive preschool business at the same location as formerly licensed to them under the Franchise Agreement, Little Sunshine has suffered irreparable harm and will continue to suffer irreparable harm as a result of Defendants' continued breach of the non-compete provisions of the Franchise Agreement.

65. Little Sunshine has no adequate remedy at law to protect its substantial business and property rights, and the damage from Defendants' activities is considerable and continuing and thus not capable of ascertainment at this time.

66. Defendants have willfully violated the terms of the non-compete provisions of the Franchise Agreement in order to operate a directly-competitive preschool business.

67. Defendants' activities in operating a directly-competitive business at the same location as their former Little Sunshine business are causing irreparable harm and damage to Little Sunshine's franchise system and is interfering with Little Sunshine's ability to place a new franchisee in Defendants' former territory.

68. Little Sunshine is entitled to preliminary and permanent injunctive relief enforcing the non-compete provisions of the Franchise Agreement.

## COUNT V – BREACH OF CONTRACT
## POST-TERMINATION OBLIGATIONS

69. Little Sunshine restates and realleges paragraphs 1 through 68 herein.

70. The Franchise Agreements between Little Sunshine and Defendants were terminated as a result of Defendants' breach of the terms of their Little Sunshine Franchise Agreements. As a result of the termination, Defendants have no further rights under the Franchise Agreements.

71. As described above, Defendants have failed and refused to comply with the post-termination obligations set forth in Section 17(a-c) of the Franchise Agreement.

72. Defendants' failure and refusal to comply with the post-termination obligations set forth in the Franchise Agreement is causing irreparable harm and damage to Little Sunshine, is causing confusion in the marketplace, and will impair the good will associated with the Little Sunshine trademarks.

73. Little Sunshine has no adequate remedy at law to protect its substantial business and property rights and the damages from Defendants' failure to comply with the post-termination obligations are considerable and continuing.

74. Little Sunshine is entitled to preliminary and permanent injunctive relief enforcing all post-termination obligations of the Franchise Agreement.

## COUNT VI – BREACH OF CONTRACT – PAST DUE FEES

75. Little Sunshine restates and realleges paragraphs 1 through 74.

76. Defendants breached the terms of the Franchise Agreement by failing to pay the royalty and advertising fund fee to Little Sunshine as they became due.

77. As of December 10, 2009, Defendants owe Little Sunshine approximately $10,000 in past due royalty fees, advertising fees and late fees.

78. As a direct result of Defendants' breach of the Franchise Agreement, Little Sunshine has been damaged in an amount to be determined at trial, but believed to be approximately $10,000, plus costs, disbursements, interest, and attorneys' fees.

## COUNT VII – BREACH OF CONTRACT - ACCOUNTING OF PAST DUE FEES

79. Little Sunshine restates and realleges paragraphs 1 through 78.

80. Pursuant to Section 7(c)(26) of the Franchise Agreements, Defendants agreed to allow Little Sunshine to examine, audit, and inspect copies of Defendants' business and financial records, including financial statements, tax returns, books, records, and accounts, relating to its business.

81. The calculation of the monetary amounts sought by Little Sunshine in this action is based on the gross sales information supplied to Little Sunshine by Defendants.

82. The accuracy of this information cannot be confirmed without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Defendants.

83. Little Sunshine is entitled to an accounting of Defendants' earnings and revenues from the inception of the Franchise Agreement to the present.

## COUNT VIII – BREACH OF CONTRACT – LIQUIDATED DAMAGES

84. Defendants restates and realleges paragraphs 1 through 83.

85. Defendants caused the premature termination of the Franchise Agreements by intentionally engaging in a royalty strike and failing to otherwise comply with the terms of the Franchise Agreements. The Franchise Agreement constitutes a lawful and binding contract.

86. The term of the Franchise Agreement is for ten years from its effective date. The Franchise Agreement would have expired, pursuant to its stated term, no earlier than May 15, 2017.

87. Defendants had a contractual obligation under the Franchise Agreement to pay Little Sunshine certain royalty and advertising fees, as are set forth in the Franchise Agreement, for the term of the Franchise Agreement.

88. Defendants caused the premature termination of the Franchise Agreement by their willful and deliberate refusal to pay the royalty and advertising fees due under the terms of the Franchise Agreement, among other things, after first receiving Notice of Default and opportunity to cure. By virtue of Defendants' premature termination of the Franchise Agreement, Little Sunshine has sustained a loss of future revenue over the remainder of the ten-year term of the Franchise Agreement.

89. Pursuant to Section 18(a) of the Franchise Agreement:

> If after...(2) the termination of the franchise by company in accordance with Article 17, franchisee continues to use any of the Marks or element of the System in connection with the continued operation of the school or otherwise, then, in addition to any other remedies available to company at law or in equity, company shall be entitled to collect from franchisee, and franchisee agrees to pay a weekly royalty for such use of the Marks and/or the System equal to 150% of the royalties that franchisee would otherwise have been obligated to pay under Article 10.

90. Pursuant to Section 18(c) of the Franchise Agreement:

> If franchisee directly or indirectly opens or participates in the ownership or operation of a business in violation of the covenant not to compete expressed in Section 19(a), then, in addition to any other remedies available to company at law or in equity, company shall be entitled to receive throughout the term of the covenant, and franchisee agrees to pay, a weekly fee equal to 10% of the competing operations revenues, measured in accordance with this Agreement's definition of Gross Revenues.

91. Pursuant to Section 18(a) of the Franchise Agreement, Little Sunshine is entitled to a judgment against Defendants, jointly and severally, in the amount of 150% of the royalties that Defendants would otherwise have been obligated to pay under Section 10 of the Franchise Agreement for the time period Defendants continue to use Little Sunshine's trademarks, Copyrighted Materials or Business System after termination of the Franchise Agreement.

92. Pursuant to Section 18(c) of the Franchise Agreement, Little Sunshine is entitled to a judgment against Defendants, jointly and severally, in the amount equal to 10% of Defendants' operating revenues up to the time that the Court enforces the noncompete provisions of the Franchise Agreement and enjoins Defendants' further operation of a competing preschool business.

93. Little Sunshine has been damaged by Defendants' breach of their obligation to operate a Little Sunshine preschool and pay associated fees for the remaining term of the Franchise Agreement. Little Sunshine is entitled to liquidated damages under Section 18(a) and (c) in an amount subject to be determined, as well as its costs and expenses, including attorneys' fees incurred in enforcing the Franchise Agreement.

**WHEREFORE**, Little Sunshine prays for judgment against Defendants, jointly and severally, as follows:

1. For a preliminary and permanent injunction against Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, preventing them from using any or all of the trademarks, service marks, or trade names associated with Little Sunshine and enforcing all post-termination obligations in the former Franchise Agreements.

2. For a preliminary and permanent injunction against Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, preventing them from violating the terms of the non-compete provisions of the Franchise Agreement;

3. For a preliminary and permanent injunction against Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, enforcing all post-term obligations of the Franchise Agreement.

4. For an award equal to three (3) times the earnings and revenues obtained by Defendants from their wrongful infringement of Little Sunshine's Marks and trade name and from their other wrongful acts in an amount to be proven at trial;

5. For an order directing Defendants to account to Little Sunshine for any and all revenue and earnings derived from his Little Sunshine franchised business and their current business, for the purpose of determining damages and unreported fees, from the inception of the Franchise Agreement through the present;

6. For a money judgment against Defendants, in an amount to be determined at trial, but in excess of $100,000, for liquidated damages, resulting from the premature termination of the Franchise Agreements, together with prejudgment interest allowed by law;

7. For Little Sunshine's costs, disbursements, and attorneys' fees incurred in this action, as allowed by the Lanham Act and the Franchise Agreements; and

8. For such other and further relief as the Court deems just and proper.

Dated: December 16, 2009.

**BAIRD, LIGHTNER, MILLSAP & HARPOOL, P.C.**

By _____
   John R. Lightner (#30436)
1901-C S. Ventura Avenue
Springfield, MO 65804
Telephone: (417) 887-0133
Facsimile: (417) 887-8740
johnl@blmhpc.com

and

**GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.**
   Michael R. Gray (MN Bar ID #175602)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 632-3078
Facsimile: (612) 632-4078
mike.gray@gpmlaw.com

**ATTORNEYS FOR PLAINTIFF**

GP:2687323 v1